UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE: Jennifer M. Smith                                  Case No.:19-10054

CHAPTER 13 PLAN AND MOTION FOR FRBP RULE 3012 VALUATION

☒ Original plan
☐ Amended plan-Date amended: _____
☐ Modified plan (post-confirmation)-Date modified: _____
    Reason for modification:_____

**To Creditors:**

**Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 15 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.  The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.  See Bankruptcy Rule 3015.  In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance.  Debtors must check one box on each line to state whether or not the plan includes each of the following items.  If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | Nonstandard provisions, set out in paragraph 12 | ☒ Included | ☐ Not Included |
| 1.2 | A limit on the amount of a secured claim (cramdown), set out in paragraph 5(E), which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not Included |
| 1.3 | Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest, set out in paragraph 5(G) | ☐ Included | ☒ Not Included |

**(2) Payment and Term**

The Debtor's future earnings are submitted to the supervision and control of the trustee, and the Debtor shall pay to the trustee $700.00 monthly for months 1-2 and $1,100.00 for months 3-38.

From the Debtor's payments to the trustee, the trustee shall distribute funds as provided in this plan:

**(3) Trustee Claims**

The trustee shall receive $4,100.00 as an administrative expense entitled to priority under 11 U.S.C. §507 (a) (1) (ten percent (10%) of "payments under the plan").

**(4) Priority Claims**

A. ATTORNEY FEES

| Attorney's Name | Total Fees | Fees Debtor paid pre-petition | Fees to be paid through the plan | Terms (Months) | Monthly Installment |
|---|---|---|---|---|---|
| Derren S. Johnson | $3,000.00 | $130.00 | $2,870.00 | 1-2<br>3-4 | $605.00<br>$830.00 |
| Derren S. Johnson<br>*Escrowed Future Attorney Fees* | $1,000.00 | $0.00 | $1,000.00 | 13-22 | $100.00 |

*The escrowed funds will be used to pay future attorney fees incurred during the pending chapter 13 case only if court ordered. Such fees include, but are not limited to, the negotiation of a consent order on the debtor's real estate or automobile, filing of miscellaneous motions, and future plan modifications. Escrowed funds are to be paid to general unsecured creditors in the event of their non-use for purposes of closing out the case or in the event of conversion.*

B. TAXES

The following claims entitled to priority under 11 U.S.C. §507 shall be paid in full in deferred cash payments unless the holder of a claim has agreed to a different treatment of its claim, as specified in paragraph 12.

| Name of Creditor | Amount of Claim | Terms (Months) | Monthly Installment |
|---|---|---|---|
| None | | | |

C. DOMESTIC SUPPORT OBLIGATIONS ("DSO")

1. Ongoing DSO claims

   a. ☒ None. If none, skip to paragraph (5) "Secured Claims" below.

   b. Debtor(s) shall pay all **post-petition DSO** claims **directly to the holder(s)** of the claim(s), and not through the chapter 13 trustee.

   c. List the name(s) and address(es) below of the holder(s) of any DSO as defined in 11 U.S.C.§101 (14A). Do not disclose names of minor children, who must be identified only as "Minor child #1," "Minor child #2," etc. *See* 11 U.S.C §112.

| Name of DSO claim holder | Address, city, state and zip | Monthly Payment |
|---|---|---|
| | | $ |

2. DSO Arrearages

a. ☒ None. If none, skip to paragraph (5) "Secured Claims" below.

b. The trustee shall pay DSO arrearages from the Debtor's plan payments. List the name and address of the holder of every DSO arrearage claim, amount of arrearage claim and monthly payment below. Do not disclose names of minor children, who must be identified only as "Minor child #1," "Minor child #2," etc. *See* 11 U.S.C §112.

| Name and address of DSO claim holder | Arrearage Claim Amount | Term (Months) | Monthly Installment |
|---|---|---|---|
| Name:<br>Address: | $ | | $ |

c. Except to the extent arrearages are included in the order, pre-petition assignment orders shall remain in effect and the Debtor shall continue to make payments pursuant to the terms of the order.

3. <u>DSO assigned or owed to a governmental unit under 11 U.S.C. §507 (a)(1)(B)</u>

a. ☒ None. If none, skip to paragraph (5) "Secured Claims" below.

b. Pursuant to any pre-petition income assignment order, the Debtor shall make all post-petition payments on DSO claims assigned to a governmental unit directly to the assignee of the claim.

c. List the name and address of the holder of every assigned DSO arrearage claim, amount of arrearage claim and monthly payment amount or other special provisions below. The Debtor also shall describe in detail any special provisions for payments of these claims in paragraph 12 of this plan.

| Name and address of DSO claim holder | Arrearage Claim Amount | Term (Months) | Monthly Installment |
|---|---|---|---|
| Name:<br>Address: | $ | | $ |

**(5) Secured Claims**

A. PRINCIPAL RESIDENCE

1. <u>Current Payments</u>

Except as otherwise provided in this plan or by court order, and pursuant to 11 U.S.C. § 1322(b)(5) and (c), after the date of the petition and throughout this chapter 13 case, the Debtor shall timely make all usual and regular payments required by the debt instruments secured by non-voidable liens on real property (*i.e.*, immovable property) that is the Debtor's principal residence, directly to each of the following lien creditors:

| Lienholder | Security Interest | Address of Property/Collateral | Monthly Installment |
|---|---|---|---|
| Wells Fargo | Home Mtg | House & Lot located at 2388 Brush Creek Ct. Zachary, LA 70791 | $1,452.65 |

*Monthly installment subject to escrow and interest rate changes as provided in note and mortgage.

*Resume payments in February, 2019.

  2.  <u>Cure of Arrearages</u>

From funds available for distribution, the trustee shall pay arrearages to lienholders identified in paragraph 5(A)(1) in monthly installments until the allowed arrearage claim of each lienholder has been satisfied. *See* USC §1322(b)(3), (5) and (c).

| Lienholder | Pre- or Post-Petition | Total Amount of Arrearages | Remaining Term (Months) | Monthly Installments |
|---|---|---|---|---|
| Wells Fargo | Pre Petition | $12,500.00 | 5-38 | $367.65 |

  B. SURRENDER OF PROPERTY

Confirmation of this plan shall constitute the Debtor's surrender to the following holders of secured claims, in satisfaction of their secured claims, all the Debtor's rights under the Bankruptcy Code, this plan, or applicable non-bankruptcy law to the Debtor's interest in the property securing the claims:

| Lienholder | Amount of Secured Claim* | Description of Collateral |
|---|---|---|
| None | | |

**\*Creditors contesting the proposed amount of a secured claim must file an objection by the time prescribed by applicable local rules. The court will take evidence to determine the value of the secured claim at the hearing on confirmation, pursuant to Federal Rule of Bankruptcy Procedure 3012. The creditor must file a timely proof of claim in order to be paid.**

  Confirmation of this plan will terminate the stay under 11 USC §§362 and 1301 to allow lienholders to exercise non-bankruptcy law remedies as to the collateral. No further motion seeking stay relief is required.

  C. PRE-CONFIRMATION ADEQUATE PROTECTION

Pursuant to the order of the court, all adequate protection payments to secured creditors required by §1326(a)(1) shall be made through the Chapter 13 trustee, unless otherwise ordered, in the amount provided in the plan for that creditor. Adequate protection payments shall be subject to the trustee's fee as set by the designee of the United States Attorney General and shall be make in the ordinary course of the trustee's business from funds on hand as funds are available for distribution to creditors who have filed a claim.

| Creditor name, address, and last four digits of account number | Security | Claim Amount | Terms (Months) | Monthly Installment |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| Credit Acceptance Corp<br>25505 West Twelve Mile Rd.<br>Suite 3000<br>Southfield, MI 48034-8339<br>Acct. # XXXX8117 | 2013 Ford<br><br>Fusion | $3,668.00 | 1-2 | $25.00 |

D.  SECURED CLAIMS NOT DETERMINED UNDER 11 U.S.C. §506

This subsection provides for treatment of allowed claims secured by a purchase money security interest in a vehicle acquired for the Debtor's personal use, incurred within **910 days** before the date of the petition, or other collateral for debt **incurred within one year** before the date of the petition.  See "hanging paragraph" following 11 U.S.C. §1325(a)(9).

After confirmation, the trustee will make installment payments to the holder of each listed allowed secured claim after subtracting the pre-confirmation adequate protection payments from the amount of the claim.

| Name of Creditor | Description of Property | Claim Amount | Discount Rate | Remaining Term (Months) | Monthly Installment |
|---|---|---|---|---|---|
| None | | | | | |

E.  SECURED CLAIMS DETERMINED UNDER 11 U.S.C. §506

Any secured claims not treated in paragraphs 3(A), (B), (C), (D), (F) or (G) shall be determined under 11 U.S.C. §506(a), Federal Rule of Bankruptcy Procedure 3007 and 3012.  The trustee shall make payments to the claim holder in an amount not less than the allowed secured claim as of the effective date of the plan.  Each holder of a secured claim shall retain the lien securing the claim until the secured value, as determined by the court, or the amount of the claim, whichever is less, is paid in full.  The holders of the secured claims, the Debtor's proposed value and treatment of the claims are set forth below:

| Name of Creditor | Description of Property | Value of Claim | Discount Rate | Remaining Term (Months) | Monthly Installment |
|---|---|---|---|---|---|
| Credit Acceptance Corp. | 2013 Ford Fusion | $3,668.00 | 5.5% | 3-38 | $110.26 |

F.  OTHER DIRECT PAYMENTS TO CREDITORS HOLDING SECURED CLAIM

After the date of the petition and throughout this chapter 13 case, the Debtor shall timely make all usual and regular payments required by the debt instruments secured by non-voidable liens <u>directly</u> to each of the following lien creditors:

| Creditor | Security Interest | Description of Property/Collateral | Monthly Installment |
|---|---|---|---|
| Essential FCU | Auto Mtg | 2014 Chevrolet Malibu | $318.10 |
| Reason for direct payment: Vehicle is in daughter's possession and she is making the payments and is current. | | | |

G.  MOTIONS TO AVOID LIEN

The Debtor intends to avoid a judicial lien or nonpossessory, nonpurchase-money security interest held by creditors listed in this section. The Debtor must file a motion to avoid the lien or security interest; confirmation of this plan alone will not have any effect on the lien or security interest.

| Lienholder | Amount of Claim | Nature of Lien to be Avoided |
|---|---|---|
| None | | |

**(6)  Unsecured Claims**

A.  CLASS A

Class A comprises creditors holding allowed unsecured claims, except those allowed unsecured claims treated in paragraph 4(B). Their claims shall be paid *pro rata* over the period of the plan as follows:

| Total Amount of Unsecured Claims (as scheduled)* | Discount Rate | Term (Months) | Monthly Installment |
|---|---|---|---|
| $14,552.10 | 2% | 3-4<br>5-12<br>13-22<br>23-38 | $ 49.74<br>$512.09<br>$412.09<br>$512.09 |

*Informational purposes only; to be included in Class A the claims must be allowed.

B.  CLASS B (IF APPLICABLE)

Class B comprises creditors holding allowed unsecured claims for which a co-Debtor is liable. To maintain the stay of actions against the co-Debtor pursuant to 11 U.S.C. §1301, the trustee shall pay these creditors one hundred percent (100%) of their allowed claims plus interest, as follows:

| Name of Creditor | Claim Amount | Discount Rate | Term (Months) | Monthly Installment |
|---|---|---|---|---|
| None | | | | |

C.  CLASS C (IF APPLICABLE)

Class C comprises creditors holding allowed unsecured claims treated separately in a manner that does not discriminate against other unsecured creditors.

| Name of Creditor | Claim Amount | Reason |
|---|---|---|
| None | | |

**(7)  Liquidation Value**

The liquidation value of the estate is $15,144.09 due to administrative expenses.

**(8)  Present Value of Payments to Class A Unsecured Creditors**

The present value of the payments to be made to unsecured creditors under the plan using a

2% annual discount rate is $15,928.57_____.

**(9)   Executory Contracts and Unexpired Leases**

The Debtor accepts or rejects the following leases or executory contracts:

**Progressive Leasing**

The Debtor shall make all post-petition payments on assumed executory contracts and unexpired leases directly to the creditor beginning with the first payment due after the petition date.

**(10)   Attorney's Fees for Debtor's Counsel**

Confirmation of the plan shall constitute approval of the fees and expenses, unless the court disallows or reduces them.

**(11)   Vesting of Property**

Upon confirmation of this plan, all property of the Debtor's estate shall vest in the Debtor subject to any mortgages, liens or encumbrances not dealt with in the plan or the order confirming the plan.

**(12)   Non-Standard Provisions**

All holders and/or services of claims secured by liens on real property recognize that this Plan provides for the curing of default on its claim and maintenance of payments while the case is pending, and shall accept and apply all payments in accordance with the terms of the loan documents, the bankruptcy code and the terms of this Plan, whether such payments are immediately applied to the loan or placed into some type of suspense account.  Upon completion of the Plan in full, the pre-petition arrearage shall be deemed contractually cured.  Holders and/or servicers of such secured claims shall notify the trustee, the debtor, and the attorney for the debtor of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; and shall notify the trustee, the debtor and attorney for debtor of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. §524(i).

CERTIFICATION OF COUNSEL

I certify that I have explained the terms and conditions of, and obligations under, the foregoing plan to the Debtor(s).

Baton Rouge, Louisiana, this 11 January 2019.
(month, date, year)

/s/Derren S. Johnson
Counsel for Debtor(s)

CERTIFICATION OF COUNSEL OR UNREPRESENTED DEBTOR(S)
REGARDING NON-STANDARD PROVISIONS

I certify that this plan contains no non-standard provisions other than those set out in paragraph 12 and that any non-standard provision placed elsewhere in this plan is void.

/s/Derren S. Johnson
Counsel for Debtor(s)

Date: January 11, 2019

/s/ Jennifer M. Smith
Debtor: Jennifer M. Smith